[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO AMEND COMPLAINT
The plaintiffs have filed a motion to amend their complaint, to add a paragraph to Count Ten. The defendants object.
The lawsuit is one sounding chiefly in medical malpractice in which the plaintiffs, who are the infant Joshua Drown and his parents Susan Drown and Rodney Drown, seek money damages from the defendants who are Associated Women's Health Specialists, P.C., Richard Holden, France Bourget, and Waterbury Hospital for mismanaging the birth of Joshua.
In addition to various counts of negligence by the infant plaintiff brought by his parents, Susan Drown has attempted to bring a separate count in which she alleges the following:
 Count Ten: . . . ¶ 8. As a result of the aforesaid injuries to the infant plaintiff, Joshua Drown, the plaintiff Susan Drown, suffered, continues to suffer and for a long time to come will suffer from severe psychological, physiological and emotional distress.
The defendant France Bourget moved to strike Count Ten. On March 4, 2002, the court granted the Motion to Strike on the grounds that Connecticut does not recognize a claim of emotional distress to one who witnesses injuries to another caused by medical malpractice. See Maloneyv. Conroy, 208 Conn. 392 (1988).
The plaintiff has now repleaded Count Ten, adding the following language:
. . . The defendant knew or should have known that his conduct involved an unreasonable risk of causing emotional distress, and that the distress, if caused, might result in illness or bodily harm. CT Page 16478
The plaintiff has repleaded Count Ten in this fashion to emphasize the argument, made previously in opposing the Motion to Strike, that the defendant obstetrician owes an independent duty of care to the mother of an infant during the birth process, and not merely a duty to the infant. The plaintiff argues that the existence of this duty is enough to distinguish a case of mismanaged birth from other types of medical malpractice cases, such that Maloney v. Conroy should not control.
The court is unable to adopt the plaintiffs reasoning. The court quite agrees that the obstetrician owes a duty of care to the mother, but that duty is to render proper care to the mother, albeit during the birth process. The duty to render proper care to the infant is one that is owed to the infant itself. Only the infant can sue for a breach of duty to the infant.
If the mother suffers independent injuries during the birth process, then she may maintain a cause of action. If the infant suffers injuries, the infant may maintain a cause of action. But the two may not be conflated.
The plaintiff Susan Drown already claims "psychological" injury as part of her claim against France Bourget in Count Eleven.[1] The language that the plaintiff Susan Drown attempts to include in Count Ten, while clarifying the basis of her claim for emotional distress against the defendant Bourget, does not change the law of bystander emotional distress in a medical malpractice context, as the court understands it. This case continues to be controlled by Maloney, supra. The plaintiff mother may not maintain an action for emotional distress that resulted from witnessing injuries caused to her infant during childbirth. The Motion to Amend the Complaint, #157, is denied.
 ___________________ Patty Jenkins Pittman, Judge